# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TERRY W. HUPP,

                          :

         Petitioner,                    Case No. 3:10-cv-413

                          :           District Judge Walter Herbert Rice
    -vs-                             Magistrate Judge Michael R. Merz

WARDEN TIM BRUNSMAN,

                          :

         Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This is an action pursuant to 28 U.S.C. §2254 for a writ of habeas corpus brought by Petitioner with the assistance of counsel.

Mr. Hupp was convicted by a jury in the Allen County[1] Common Pleas Court on six counts of gross sexual imposition and seven counts of rape and sentenced to thirty years to life imprisonment. He pleads the following grounds for relief:

> **GROUND ONE:** Mr. Hupp was denied his right under the United States Constitution to indictment by a grand jury when the Trial Court denied his Motion to Dismiss and for In Camera Review of the Grand Jury Proceedings.
>
> **Supporting Facts:** This case involves a vague, 13-count indictment alleging various Aggravated Rape and Gross Sexual Imposition incidents. The failure of the indictment to specify the exact dates of each alleged act enabled the prosecution to effectively amend an

---

[1]Although Petitioner was convicted in a county in the Northern District of Ohio, he is in custody in the Southern District. Venue in this District is therefore proper under 28 U.S.C. § 2241(d).

indictment through a Bill of Particulars in a way that violates laws but cannot be proven to so violate procedural due process by the defense. Similarly, the failure to allege specific acts enabled the same de facto amendment without effective challenge. To ensure that Mr. Hupp was defending allegations of actual specific acts as brought by the Grand Jury, he challenged the indictment, seeking review by the Trial Court in camera of the Grand Jury transcripts, to determine exactly the nature of the specific acts considered by the Grand Jury and included into the indictment. Mr. Hupp is entitled to freedom from prosecution unless the charge has been brought by Grand Jury. That protection cannot be protected by substitution through a Bill of Particulars, as the right to presentment affects the jurisdiction of the Trial Court over the person and over the subject. When the indictment is vague as to dates, and when specificity cannot be gleaned from the body of the indictment, then the defense should be entitled to an in camera review of the Grand Jury transcripts to ensure that his right to presentment on specific acts has been protected.

**GROUND TWO:** Mr. Hupp was denied his right under the United States Constitution to fair notice of the charges against him when the Trial Court denied his Motion to Dismiss and for In Camera Review of the Grand Jury Proceedings.

**Supporting Facts:** Appellant Hupp also raises herein whether the indictment, as supplemented by the various Bills of Particulars, was so vague as to violate his right to notice of the charges against him, as protected by the due process clauses of the United States Constitution and of the Ohio Constitution. The defense is incapable of effectively providing alibi defenses and of effectively cross-examining the accuser when the State of Ohio is allowed to prosecute a criminal allegation without any real notice of the time frame for the alleged incident. In this particular case, the awareness of this problem was manifested. For these reasons, the Trial Court erred by allowing the prosecution to violate the right of the accused to notice of the charges against him, in violation of both the United States Constitution.

**GROUND THREE:** Mr. Hupp was denied his right under the United States Constitution to due process of law when the Trial Court denied his Motion to Dismiss and for In Camera Review of the Grand Jury Proceedings.

**Supporting Facts:** The Trial Court by enabling non-disclosure of real details of the allegations, and by not sustaining the defense attack

-2-

on the indictment, also violated the right of the defense to Due Process of Law. The non-disclosure of real specifics about the incident deprived Hupp of any meaningful ability to raise an alibi defense. The alibi defense actually was useful in the one count (Count 1) where disclosure occurred during the trial in a manner that enabled this attack. The non-disclosure deprived Hupp of the ability to prepare for his defense, by issuance of relevant subpoenas and securing of relevant exhibits. The non-disclosure effectively denied to Mr. Hupp his right under the confrontation clause of the United States Constitution and of the Ohio Constitution. When actual details were provided, the defense was able to admit on late basis impeachment evidence.

**GROUND FOUR:** Mr. Hupp was denied his right under the United States Constitution and under the Ohio Constitution to protection from being twice placed in jeopardy for the same offense when the Trial Court denied his Motion to Dismiss and for In Camera Review of the Grand Jury Proceedings.

**Supporting Facts:** Again, the arguments provided in support of the first three Assignments of Error are incorporated herein. The aforementioned Valentine decision also relied on the Double Jeopardy Clause (and this argument is also raised herein under the Ohio Constitution parallel thereto). When an indictment is vague as to the event contemplated, in the face of a general claim of a course of conduct, that vagueness provides no assurance that the accused person, in the event of an acquittal or of a conviction, will be protected from a later prosecution for the same.

**GROUND FIVE:** Mr. Hupp was denied his right under the United States Constitution and under the Ohio Constitution to a fair trial by a jury representing a fair cross-section of the community when the trial court selected talesmen without use of a jury wheel or automation data processing.

**GROUND SIX:** Mr. Hupp was denied his right under the United States Constitution and under the Ohio Constitution to a fair trial by a jury when the trial court overruled his challenges for cause to several jurors and/or talesmen who should have been excused for cause, forcing Mr. Hupp to use peremptory challenges to remove these jurors, yielding an unfair residue jury.

**GROUND SEVEN:** The prosecution committed prosecutorial misconduct by commenting upon Mr. Hupp's election to remain

silent and/or to seek counsel.

**GROUND EIGHT:** Mr. Hupp was denied his right under the United States Constitution and under the Ohio Constitution to confront his accusers, and violated the Ohio Rules of Evidence, when the trial court refused to allow Mr. Hupp to confront his accusers with clear contradictions in prior written statements by the accusers.

**GROUND NINE:** Mr. Hupp was denied his right under the United States Constitution and under the Ohio Constitution to confront his accusers, and violated the Ohio Rules of Evidence, when the trial court allowed one accuser to testify concerning hearsay evidence, to express an opinion based on that hearsay, and to express an opinion as to the veracity of an accuser based upon the same.

**GROUND TEN:** Mr. Hupp was denied his right under the United States Constitution and under the Ohio Constitution to confront his accusers when the trial court allowed the prosecution to introduce an exhibit that contained hearsay without a proper foundation from the declarant and opportunity to cross-examine that declarant as to that hearsay statement.

**GROUND ELEVEN:** Mr. Hupp was denied his right under the United States Constitution and under the Ohio Constitution to compel witnesses to appear on his behalf when the trial court did not intervene in the non-service of defense subpoenas.

**GROUND TWELVE:** Mr. Hupp was denied his right under the United States Constitution and under the Ohio Constitution to a fair trial because of the cumulative effect of errors by the trial court.

(Petition, Doc. No. 1). On the Magistrate Judge's Order, the Respondent has filed a Return of Writ with accompanying portions of the state court record (Doc. No. 4) and Petitioner has filed a Reply (Doc. No. 8). The case is therefore ripe for decision.

# Analysis

## Ground One

In his first ground for relief, Mr. Hupp asserts that the state court process denied him his right to indictment under the United States Constitution. Respondent argues there is no federal right to grand jury indictment (Return, Doc. No. 4, PageID 64).  Petitioner replies:

> Petitioner concedes this fact, generally.  However, the arguments should nonetheless be considered because, once a State opts to indict people by grand jury, due process clearly applies to that procedure.  Additionally, many of the arguments as to this ground for relief form a foundation for the next few grounds, and the structure of the argument is such that Petitioner urges review of these in what seems to be the most intelligible order.

(Traverse, Doc. No. 8, PageID 2205.)

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*;Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). The Constitution contains no express obligation on the States to proceed in criminal cases by indictment and the Supreme Court has held this federal procedural obligation is not imposed on the States by "incorporation" through the Due Process Clause of the Fourteenth Amendment.  *Hurtado v. California*, 166 U.S. 110 U.S. 516 (1884);  *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972) *Gerstein v. Pugh*, 420 U.S. 103 (1975).

Despite conceding there is no federal right to grand jury indictment which is binding on the States, Petitioner argues this Ground for Relief for ten pages ( PageID 2205-2215).  While the Court

will consider these arguments in determining the remaining grounds related to vagueness of the charge, they do not change the result as to the precise claim made in Ground One, which should be dismissed without prejudice for failure to state a claim cognizable under 28 U.S.C. § 2254.

### Grounds Two, Three, and Four

In Ground Two Petitioner asserts he was denied his right to fair notice of the charges against hm when the trial court denied his motions to dismiss and for *in camera* review of the grand jury proceedings. In Ground Three he claims the trial court denied him due process when it denied his motions to dismiss and for *in camera* review. In Ground Four he claims the same trial court actions violated his right not to be placed twice in jeopardy for the same offense. The Magistrate Judge considers these three claims together because they are all related to the sufficiency of the charging document.

In the supporting facts for the Second Ground for Relief and in various places with respect to Grounds Three, Four, Five, Six, Eight, Nine, Ten, Eleven, and Twelve, Petitioner asserts violations of his rights under the Ohio Constitution. As noted above with respect to Ground One, habeas corpus relief under 28 U.S.C. § 2254 is available only for federal constitutional violations. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the

constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993). No further analysis is offered as to claims under the Ohio Constitution, for they are not cognizable here.

Moreover, to the extent any of these claims have been presented to the Ohio courts as federal constitutional claims and denied by them, this Court must defer to the state court decisions unless they are contrary to, or objectively unreasonable applications of, holdings of the United States Supreme Court. 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 403-404 (2000); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Brown v. Payton,* 544 U.S. 133, 134 (2005).

The sufficiency of an indictment is to be measured by the following criteria:

> These criteria are, first, whether the indictment "contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,'" and, secondly, "'in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'"

*Russell v. United States*, 369 U.S. 749, 763-64 (1962). While the right to grand jury indictment has not been extended to the States, these criteria are applicable to the States as a matter of due process. *Valentine v. Konteh,* 395 F. 3d 626, 631 (6th Cir. 2005), citing *De Vonish v. Keane,* 19 F.3d 107, 108 (2d Cir. 1994); *Fawcett v. Bablitch*, 962 F.2d 617, 618 (7th Cir. 1992); see also *Isaac v. Grider*, 211 F.3d 1269 (6th Cir. 2000); *Parks v. Hargett,* 1999 U.S. App. LEXIS 5133, 1999 WL 157431, at *3 (10th Cir. 1999).

The claims made in these three Grounds for Relief were considered by the Ohio Court of Appeals on direct appeal. *State v. Hupp*, 2009 Ohio 1912, 2009 Ohio App. LEXIS 1622 (Ohio App. 3rd Dist. Apr. 27, 2009). The court decided the relevant assignments of error as follows:

[*P6] In the second assignment of error, Hupp claims that the trial

court erred in not dismissing the indictment because the indictment, along with the supplemental bills of particulars, was too vague to provide adequate notice. This alleged failure gives rise to the third assignment of error which claims that the failure to dismiss the indictment violated his constitutional due process rights. Hupp specifically argues that the time range stated in the indictment was too broad to permit him to prepare a defense. Since these assignments of error are based upon the same argument, they will be addressed concurrently.

Pursuant to R.C. 2941.05, an indictment generally is sufficient if it contains, in substance, a statement that the accused has committed some public offense therein specified. * * * The General Assembly, in declaring what shall be sufficient in an indictment, provided, among other things, that it shall be sufficient if it can be understood that the offense was committed at some time prior to the time of the filing of the indictment. R.C. 2941.03(E). It is also provided in R.C. 2941.08, that "an indictment or information is not made invalid, and the trial judgment, or other proceedings stayed, arrested, or affected: * * * (C) For stating the time imperfectly; * * *"

* * *

Ordinarily, precise times and dates are not essential elements of offenses. Thus, the failure to provide dates and times in an indictment will not alone provide a basis for dismissal of the charges.

 [*P7]  *State v. Sellards* (1985), 17 Ohio St.3d 169, 170-171, 17 Ohio B. 410, 478 N.E.2d 781 (citations omitted). To determine if the vague description of times violates a defendant's due process rights, three prongs must be satisfied. *Id.* First, the time and date must be an element of the offense. *Id.* Second, did the State engage in full disclosure of the date and time. *Id.* Finally, did the failure to limit the time frame prejudice the defendant's ability to defend himself. *Id.* "It is well-stated that, particularly in cases involving sexual misconduct with a child, the precise times and dates of the alleged offense or offenses oftentimes cannot be determined with specificity." State v. Fitch (Feb. 6, 2001), 10th Dist. No. 00AP-680, 2001 Ohio App. LEXIS 392.

 [*P8]  In this case, the indictment in this case stated in pertinent part as follows.

COUNT ONE: * * * [O]n or about the 1st day of

April, 2006 to on or about the 30th day of April, 2006, at Allen County, Ohio, [Hupp] * * * did have sexual contact with another, not the spouse of [Hupp]; said other person being less than thirteen years of age; in violation of [R.C. 2907.05(A)(4)] * * *.

COUNT TWO: * * * [O]n or about the 1st day of November, 2006 to on or about the 31st day of December, 2006, at Allen County, Ohio, [Hupp] * * * did have sexual contact with another, not the spouse of [Hupp]; said other person being less than thirteen years of age; in violation of [R.C. 2907.05(A)(4)] * * *.

COUNT THREE: * * * [O]n or about the 1st day of November, 2006 to on or about the 31st day of December, 2006, at Allen County, Ohio, [Hupp] * * * did engage in sexual conduct with another, not the spouse of [Hupp]; said other person being less than thirteen years of age;

SPECIFICATION

* * * [Hupp] * * * did purposely compel the victim to submit by force or threat of force in violation of [R.C. 2907.02(A)(1)(b)] * * *.

COUNT FOUR: * * * [O]n or about the 1st day of November, 2006 to on or about the 31st day of December, 2006, at Allen County, Ohio, [Hupp] * * * did engage in sexual conduct with another, not the spouse of [Hupp]; said other person being less than thirteen years of age; in violation of [R.C. 2907.02(A)(1)(b)] * * *.

COUNT FIVE:  * * * [O]n or about the 1st day of November, 2006 to on or about the 31st day of December, 2006, at Allen County, Ohio, [Hupp] * * * did engage in sexual conduct with another, not the spouse of [Hupp]; said other person being less than thirteen years of age; in violation of [R.C. 2907.02(A)(1)(b)] * * *.

COUNT SIX: * * * [On or about the 15th day of May,

2006 to on or about the 31st day of August, 2006, at Allen County, Ohio, [Hupp] * * * did engage in sexual conduct with another, not the spouse of [Hupp]; said other person being less than thirteen years of age; in violation of [RC 2907.02(A)(1)(b)] * * *.

COUNT SEVEN: * * * [On or about the 15th day of May, 2006 to on or about the 31st day of August, 2006, at Allen County, Ohio, [Hupp] * * * did engage in sexual conduct with another, not the spouse of [Hupp]; said other person being less than thirteen years of age; in violation of [RC 2907.02(A)(1)(b)] * * *.

COUNT EIGHT: * * * [On or about the 1st day of June, 2006 to on or about the 31st day of December, 2006, at Allen County, Ohio, [Hupp] * * * did have sexual contact with another, not the spouse of [Hupp], cause another, not the spouse of [Hupp] to have sexual contact with him; said other person being less than thirteen years of age; in violation of [RC 2907.05(A)(4)] * * *.

COUNT NINE: * * * [On or about the 1st day of June, 2006 to on or about the 31st day of December, 2006, at Allen County, Ohio, [Hupp] * * * did have sexual contact with another, not the spouse of [Hupp]; said other person being less than thirteen years of age; in violation of [RC 2907.05(A)(4)] * * *.

COUNT TEN: * * * [On or about the 15th day of May, 2006 to on or about the 30th day of June, 2006, at Allen County, Ohio, [Hupp] * * * did have sexual contact with another, not the spouse of [Hupp], cause another, not the spouse of [Hupp], to have sexual contact with him; said other person being less than thirteen years of age; in violation of [RC 2907.05(A)(4)] * * *.

COUNT ELEVEN: * * * [On or about the 1st day of June, 2006 to on or about the 31st day of August, 2006, at Allen County, Ohio, [Hupp] * * * did engage in sexual conduct with another, not the spouse of

-10-

[Hupp]; said other person being less than thirteen years of age;

SPECIFICATION

* * * [The said victim * * * is less than ten years of age; in violation of [RC 2907.02(A)(1)(b)] * * *.

COUNT TWELVE: * * * [On or about the 1st day of June, 2006 to on or about the 31st day of August, 2006, at Allen County, Ohio, [Hupp] * * * did engage in sexual conduct with another, not the spouse of [Hupp]; said other person being less than thirteen years of age;

SPECIFICATION

* * * [The said victim * * * is less than ten years of age; in violation of [RC 2907.02(A)(1)(b)] * * *.

COUNT THIRTEEN: * * * [On or about the 22nd day of November, 2006 to on or about the 26th day of November, 2006, at Allen County, Ohio, [Hupp] * * * did have sexual contact with another, not the spouse of [Hupp]; said other person being less than thirteen years of age; in violation of [RC 2907.05(A)(4)] * * *.

Aug. 16, 2007, Indictment. Thus, the indictment set forth seven different time frames for the alleged offenses. The bill of particulars filed by the State did not narrow down the time frame, but it did provide notice of the specific conduct forming the basis of the charges.

 [*P9]  The first prong to be addressed is whether a material element of the offense is the time and date. Hupp was charged with multiple counts of gross sexual imposition and rape of children under the age of thirteen. The only effect the date and time have on the offense is to show that the victims were under the age of thirteen at the time of the offense. The specific dates and times of the offenses charged are not material elements of the offenses. In the bill of particulars, the only time requirement is met when the victims' dates of birth were set forth as well as the alleged time frame of the act. *State v. Mundy* (1994), 99 Ohio App.3d 275, 650 N.E.2d 502. Thus, no further identification of the date and time is necessary as an element of the

-11-

offense.

[*P10]  The second prong is whether the State engaged in a full disclosure of the dates and times. The record indicates that the State disclosed the information to the best of their ability. On January 25, 2008, the State filed an amended response to the request for a bill of particulars. This amended bill of particulars narrowed the time range from the original one. C.J. testified that she was only able to narrow the time range as she continued to think about and discuss the incidents. The change in C.J.'s memory as far as the time frame was subject to cross-examination by Hupp. Given the record before this court, there is no indication that the State was not forthcoming with the dates as known to it.

[*P11]  Finally, this court must consider whether the broad range of dates prejudicially affected the defendant's ability to present a defense. "Where the defendant does not present an alibi defense, where he concedes being alone with the victims of the alleged sex offenses at various times throughout the relevant time frame, and where his defense is that the alleged touchings never happened, the inexactitude of dates or times in the indictment is not prejudicial error." *State v. Barnecut* (1988), 44 Ohio App.3d 149, 542 N.E.2d 353, syllabus. At the outset, this court notes that Hupp did not file a notice of an alibi defense. Hupp alleged instead that the testimony of the victims resulted from fabrication. Hupp argued that the victims were coached by their mother to help in a custody dispute between their parents. Hupp also does not deny that he was alone with the victims at various times during the times given in the bill of particulars. Based upon the record in this case, this court holds that the inexactitude of the dates and times was not prejudicial to Hupp's preparation of a defense. Since Hupp has failed to show how he was prejudiced by the time ranges, the second and third assignments of error are overruled.

[*P12]  The fourth assignment of error raises the argument that the trial court erred by denying the motion for an in camera review of the grand jury proceedings to insure that Hupp was not being charged twice for the same offense in violation of the double jeopardy clause of the constitution.
This Court has previously found that "the details of every instance need not be established in the indictment itself. Rather, it is enough that the bill of particulars provide sufficient detail to connect each charge to a specific incident and provide the defendant with adequate notice of the crimes charged." *Euler, supra* at P23 (citing *State v. Van*

-12-

> *Voorhis,* 3d Dist. No. 8-07-23, 2008 Ohio 3224, P41). Hupp alleges
> that the indictment was so vague that he was denied assurance that
> the victims were testifying to specific events and not to "typical"
> instances of abuse. In addition to the indictment, Hupp was given a
> bill of particulars and an amended bill of particulars. These bills of
> particulars provided details as to what act formed the basis of the
> indictment, thus connecting each charge to a specific incident. The
> bills of particulars were sufficient to protect Hupp from any double
> jeopardy threat. The fourth assignment of error is overruled.

*Id.*

To prevail on Ground Two, Three, or Four, Petitioner must show that this decision of the Court of Appeals was contrary to, or any objectively unreasonable application of, law clearly established in holdings of the United States Supreme Court.

Much of the argument Petitioner makes under Ground One which he asks the Court to consider on these grounds relates to whether the prosecutor properly presented the same claims to the grand jury as were presented at trial. That claim is irrelevant for purposes of federal habeas corpus because there is no right to grand jury indictment and therefore no right to attack the evidence presented to the grand jury in the way that is done in the argument on Ground One. Whatever was presented to the grand jury, the question for federal habeas is whether what the grand jury returned in terms of an indictment is sufficient under *Russell*.

Petitioner acknowledges the leading Sixth Circuit case interpreting *Russell* and its progeny is *Valentine v. Konteh,* 395 F.3d 626. Petitioner argued *Valentine* to the Court of Appeals (*e.g.* PageID 251-252) and relies on it here. In *Valentine*, the habeas petitioner had been convicted on "20 "carbon-copy" counts of child rape, each of which was identically worded so that there was no differentiation among the charges and 20 counts of felonious sexual penetration, each of which was also identically worded." *Id.* at 628. The Sixth Circuit held:

Valentine essentially points to two notice problems with the indictment: (1) the wide date range and (2) the lack of differentiation among the criminal charges.

First, Valentine challenges the wide date range itself as standing in the way of his defense. Valentine contends that the lack of specific dates and times prejudiced him as he had alibi defenses for large portions of the period covered by the indictment. *See Valentine*, 285 F. Supp. 2d at 1025. The state maintains that such indictments are necessary as the young victims in abuse cases like this one "have only a limited perception of time and limited faculties to define specific dates and times of the traumatic sexual abuse they endured." Resp.'s Br. at 2. As the Ohio Court of Appeals decision emphasizes, Ohio law supports this position. *See State v. Daniel*, 97 Ohio App. 3d 548, 556, 647 N.E.2d 174 (1994) ("It is well established that, particularly incases involving sexual misconduct with a child, the precise times and dates of the alleged offense or offenses oftentimes cannot be determined with specificity."); *State v. Mundy*, 99 Ohio App. 3d 275, 296, 650 N.E.2d 502 (1994) ("In many cases involving child sexual abuse, the victims are children of tender years who are simply unable to remember exact dates and times, particularly where the crimes involve a repeated course of conduct over an extended period of time.").

This Court and numerous others have found that fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements. See *Isaac v. Grider*, 211 F.3d 1269, 2000 WL 571959 at *5 (four months); *Madden v. Tate*, 830 F.2d 194, 1987 WL 44909, at *1-*3 (6th Cir. 1987) (six months); *see also Fawcett v. Bablitch*, 962 F.2d 617, 618-19 (7th Cir. 1992) (six months); *Hunter v. New Mexico,* 916 F.2d 595, 600 (10th Cir. 1990) (three years); *Parks v. Hargett,* 1999 U.S. App. LEXIS 5133, 1999 WL 157431, at *4 (10th Cir. 1999)(seventeen months).

*Id.* at 632.

The Indictment in this case certainly does not contain "carbon-copy" allegations, but contains distinct time periods much shorter than those cited approvingly in *Valentine*.

Petitioner complains that the date ranges specified were not sufficiently narrow to permit him to present an alibi defense, but the Court of Appeals noted that he never filed a notice of alibi.

-14-

Petitioner argues that, when the witnesses became more specific at trial, he was able to come up with rebuttal evidence and conjectures that he could have found more, or more persuasive, evidence if he had notice of the specific witness testimony earlier.  That amounts to a claim of entitlement to pre-trial discovery in criminal cases[2], which is also not a federal constitutional right recognized by the Supreme Court.

The Indictment in this case provided sufficient notice to satisfy the *Valentine* standard and, *a fortiori*, the *Russell* standard.  The Court of Appeals decision was therefore not contrary to, or an objectively unreasonable application of, clearly established federal law[3].  Grounds Two, Three, and Four should be denied on the merits.

## Ground Five

In his fifth Ground for Relief, Petitioner asserts his fair cross-section rights were violated when the trial court summoned talesmen without the use of a jury wheel or automated data processing equipment.

In arguing this claim in his Traverse, Petitioner cites no federal law at all.  In order to show even a prima facie violation of the fair cross-section requirement.  To do so, he would have to demonstrate

---

[2]See, e.g., comment at Traverse, PageID 2218: "[The Ohio Criminal Rules, unlike those of other States, do not allow free use of depositions by the defense, despite the availability of the same in minor fender-bender civil cases."

[3]The Court of Appeals decision is the last state court decision on the merits of the case as the Ohio Supreme Court disallowed a discretionary appeal.  *State v. Hupp,* 2009 Ohio 4776, 2009 Ohio LEXIS 2592 (Ohio, 2009).

> (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venire from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under representation is due to systematic exclusion of the group in the jury-selection process.

*Berghuis v. Smith*, 130 S. Ct. 1382, 1388 (2010), quoting Duren v. Missouri, 439 U.S. 357, 364

(1979).  Petitioner has not made even an attempt to satisfy this standard, instead arguing on the basis

of Ohio statutes governing jury selection.  The fifth Ground for Relief should therefore be denied

on the merits.

## Grounds Six and Seven

These Grounds for Relief have been withdrawn.  (Traverse, Doc. No. 8, PageID 2225.)

## Ground Eight

In Ground Eight Mr. Hupp alleges the trial court violated his confrontation rights under the

United States Constitution and the Ohio Rules of Evidence by not permitting cross-examination

based on asserted contradictions in prior written statements.  Of course, the latter claim is not

cognizable under 28 U.S.C. § 2254 for the reasons given above as to claims made under the Ohio

Constitution.

The Court of Appeals decision reveals that, after each victim-witness testified, Mr. Hupp

exercised his right under Ohio R. Crim. P. 16(b)(1)(g) to have an *in camera* inspection of the

witnesses' written pretrial statements with a view to using them to cross-examine.  The trial judge

conducted the examination and determined in each instance that the differences between the trial testimony and the written statements were not sufficient to permit use of the statements in cross-examination.  On appeal, Hupp raised this as his sixth assignment of error.  The Court of Appeals itself reviewed the statements and held "although the trial testimony does not mirror the prior written statements, the differences are not material."  *State v. Hupp, supra,* ¶ 16.

In his Traverse, Petitioner does not cite any federal law which supports the proposition that the Confrontation Clause requires the release of witness statements to facilitate cross-examination. Nor was any federal law cited in the Ohio Court of Appeals.  This Court cannot, of course, decide whether the trial court abused its discretion under the Ohio Rules of Evidence.  But no proof has been offered that there was any federal constitutional violation here.  Ground Eight should be denied.

## Ground Nine

In Ground Nine Mr. Hupp claims another Confrontation Clause violation based on hearsay testimony given by a witness, expression of an opinion based on that hearsay, and further expression of an opinion by that witness about another witness' veracity.

> [*P17]  The seventh assignment of error challenges the admission of hearsay evidence and of opinion testimony concerning the veracity of the victims. Hupp claims that the admission of this testimony violates the rules of evidence and the confrontation clause of the U.S. Constitution. Hearsay testimony is a "statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Avatar 801(C). This court notes that Hupp does not specify which portion of the testimony he considers to contain hearsay, just the identity of the witness. A review of the record concerning the testimony of the

witness at issue does not reveal that he testified to the content of any out of court statements. To the contrary, the State repeatedly stopped him from repeating what was said. Thus, there was no hearsay testimony to be excluded.

[*P18] The second part of the assignment of error is that the trial court erred by allowing the witness to testify that he believed the statements of the victims. An expert witness may not testify as to their opinion of the veracity of the victim because the determination of credibility is for the jury. *State v. Boston* (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220. However, the Ohio Supreme Court has held that if the defendant questions the veracity of the State's witness, the State may present opinion testimony concerning the original witness' reputation for veracity. *State v. Schechter* (1975), 44 Ohio St.2d 188, 339 N.E.2d 654.

[*P19] In this case, the defense repeatedly questioned the veracity of the three victims to establish that they had a reputation for lying. Hupp even introduced an allegation in a custody dispute by the father that the mother had encouraged the victims to lie to him. Hupp then argued that the girls were lying to help their mother in the custody matter. By raising the issue of the veracity of the girls and their motives for lying, Hupp opened the door for the State to present a witness offering an opinion concerning the victims' veracity. The State chose to introduce the testimony of their father. He testified that he repeatedly questioned the girls concerning the allegations against Hupp. He then testified that in his opinion, the girls were telling the truth concerning the allegations. This testimony does go beyond merely offering an opinion on the girls' character traits for veracity and is an error.

[*P20] However, "recent case law states that '*Boston* does not apply when the child victim actually testifies and is subject to cross-examination.'" *State v. Thompson*, 5th Dist. No. 06CA28, 2007 Ohio 5419, P50 (quoting *State v. Benjamin,* 8th Dist. No. 87364, 2006 Ohio 5330, P19, citing *State v. Fuson* (Aug. 11, 1998), 5th Dist. No. 97 CA 000023, 1998 Ohio App. LEXIS 4047). *See also State v. Curren*, 5th Dist. No. 04CA8, 2005 Ohio 4315; *State v. Smith,* 12th Dist. No. CA2004-02-039, 2005 Ohio 63; *In re W.P.*, 8th Dist. No. 84114, 2004 Ohio 6627; *State v. Amankwah,* 8th Dist. No. 89937, 2008 Ohio 2191; *State v. Djuric,* 8th Dist. No. 87745, 2007 Ohio 413; and *State v. Schoenberger* (Jan. 13, 1998), 5th Dist. No. 89-CA-13, 1998 Ohio App. LEXIS 294. Although having a witness testify that the victim is telling the truth is an error, it is harmless error if the

victim testifies and is subject to cross-examination. *Thompson, supra* at P51 (citing *State v. Morrison*, 9th Dist. No. 21687, 2004 Ohio 2669). When the victim testifies, the jury is able to hear the victim's answers, witness her demeanor and judge her credibility completely independent of the other's testimony concerning the veracity of the victim. *Amankwah, supra* at P44.

[*P21]  In this case, all three victims testified and were subject to cross-examination. The jury had the opportunity to independently determine the credibility of the victims regardless of the testimony of their father. In addition, the trial court properly instructed the jury that it was the sole judge of the facts and the sole determiner of the credibility of the witnesses. Tr. 1300-01. Since the jury did have an opportunity to independently determine the credibility of the victims and was properly instructed, the testimony of their father that he believed their allegations was harmless. The seventh assignment of error is overruled.

*State v. Hupp, supra.*

The Court of Appeals opinion makes the finding that no hearsay testimony was either offered or received. *Id.* ¶ 17. In the Traverse, Petitioner asserts the contrary but offers no record references whatsoever upon which this Court could determine that any hearsay was offered or received. (See Traverse, Doc. No. 8, PageID 2228-2229.)  On this question the Petitioner has not overcome the presumption of correctness which attaches to findings of fact by the state courts. See *Rushen v. Spain*, 464 U.S. 114, 120 (1983); *Marshall v. Lonberger*, 459 U.S. 422 (1983); *Sumner v. Mata,* 455 U.S. 591 (1982).

Petitioner also cites no federal law for the proposition that allowing a lay witness to give an opinion on the veracity of another witness violates the Confrontation Clause.  Furthermore, the witness in question as the father of the child victims would have been a competent witness on the question of their respective reputations for truth and veracity.  There is no constitutional violation in permitting such an opinion where the veracity of the witness has been attacked, as was the case

here. Ground Nine for relief is without merit.

## Ground Ten

In Ground Ten Mr. Hupp raises another Confrontation Clause claim, this time with respect to a document allegedly containing hearsay.   The document in question was a letter allegedly written by one of the child victims.  Because that witness testified and was available for cross-examination and her veracity was seriously questioned, the Court of Appeals found the letter was properly admitted as a prior consistent statement.  *State v. Hupp, supra,* ¶ 22.  Petitioner repeats in his traverse the arguments he made to the state courts about foundation and authenticity, but he presents no federal constitutional authority for the proposition that failure to provide an adequate foundation for a document violates the Confrontation Clause when the purported author is available for cross-examination.  Ground Ten is without merit.

## Ground Eleven

In his eleventh Ground for Relief, Mr. Hupp asserts he was denied his right to compulsory process when the state court did not intervene to secure service of defense subpoenas.

In his Traverse, Petitioner lists seventeen witnesses as to whom he caused subpoenas to be issued.  Of those seventeen, Randall Schlievert, Karen Hatfield, Jenny Knippen, and Tiffany Johnson were not served.  Dan Beck and Sam Crish were served, but the subpoenas were ordered quashed by the trial court on motion of the State.

-20-

The related assignment of error in the state court was the ninth assignment.  On it, the Court of Appeals wrote:

> [*P24]  In the ninth assignment of error, Hupp challenges the non-service of the subpoenas he issued for a witness and claims the trial court erred by not compelling a witness to appear. However, a trial court lacks the authority to compel appearance when the subpoena has not been served. *State v. Juenger*, 12th Dist. No. CA2003-02-049, 2004 Ohio 796. The record in this case clearly indicates that service upon the witness failed. Since service was not completed, the trial court had no authority to compel the witness to appear. The ninth assignment of error is overruled.

*State v. Hupp, supra*, ¶ 24.  As is evident from the text, the Court of Appeals was considering only one omitted witness and indeed on appeal Mr. Hupp only complained of lack of service on one witness, Dr. Randall Schlievert.  Any error from failure to subpoena any other witnesses is waived by Petitioner's failure to raise it as an issue in the state courts.

The Traverse asserts that Dr. Schlievert was served with a prosecution subpoena, but implies he was never called to testify when it states he "was never available for the defense to question." (PageID 2232.)  Certainly if he testified on behalf of the State, he would have been subject to cross-examination.  Petitioner asserts, with no record evidence to support the assertion, that Dr. Schlievert "reviewed the medical findings for the children and found no signs of trauma."  Because the doctor did not testify, "the defense was left with the inadequate substitute of cross-examination of the nurse, who lacked sufficient training to answer those defense questions that the doctor surely would have been qualified to answer." *Id.*

On this claim Petitioner offers no federal constitutional analysis at all.  Certainly a criminal defendant is entitled to compulsory process to obtain the presence of unwilling witnesses. *Washington v. Texas,* 388 U.S. 14 (1967).  But Petitioner obtained without any interference by the

State the issuance of a subpoena.  He complains about the failure of the Sheriff to make service, but Ohio R. Crim. P. 17 does not require service by the Sheriff; rather it permits service by anyone over eighteen designated by court order or by any attorney at law.  Furthermore, if the doctor's testimony was critical, why didn't Petitioner move for a continuance so that service could be made?

Ground Eleven is without merit.


### Ground Twelve


In Ground Twelve, Petitioner asserts that the cumulative effect of error by the trial court denied him a fair trial.  In his Traverse, he acknowledges that this Ground for Relief "is more appropriately simply a statement, for purposes of this federal action, of overall prejudice." (Traverse, Doc. No. 8, PageID 2233.)  As Respondent notes, the Supreme Court has never recognized cumulative error as stating a ground for relief in habeas corpus.  Ground Twelve should be dismissed as non-cognizable.


### Conclusion


In accordance with the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

May 20, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).