**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

TERRY W. HUPP,

    Petitioner,

    -vs-

WARDEN TIM BRUNSMAN,

    Respondent.

:

:

:

Case No. 3:10-cv-413

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

---

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

    This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 10) to the Magistrate Judge's Report and Recommendations (Doc. No. 9). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

    The Petitioner pleads twelve grounds for relief and the Report recommends dismissing all of them. Petitioner withdrew Grounds Six and Seven prior to decision and makes no objection to the recommendations as to Grounds One, Five, Ten, Eleven, and Twelve. No further analysis is needed on these seven grounds for relief.

**Grounds Two, Three, and Four**

    These three grounds for relief were analyzed together, along with the arguments Petitioner

-1-

made in support of Ground One which he asked be considered in support of these three grounds. Petitioner also argues his objections on these three grounds together.  He alleges that the indictment is so vague as to times and dates that he did not received fair notice of the charges (Ground Two), that he was denied due process (Ground Three) and that the vagueness of the indictment would not provide a basis for a plea of double jeopardy if he were charged again with sexual abuse of a child during the charged time periods (Ground Four).

There were three victims, all of whom were alleged in the indictment to have been under thirteen years of age when abused.  Count One alleges a particular victim, C.J., and a sexual contact offense during April, 2006.  Count Two relates to the same victim and alleges a sexual contact offense during November-December, 2006.  Count Three, Four, and Five allege a sexual conduct offenses with the same victim as in Count Two during the same period. Counts Six through Nine all relate to victim K.J. and allege two incidents of sexual conduct between May 15 and August 31, 2006 (Counts 6 and 7) and two incidents of sexual contact during the period June 1, 2006, to December 31, 2006. Counts Eleven through Thirteen relate to victim S.J. and allege two offenses of sexual conduct between June 1, 2006, and August 31, 2006 (Counts 11 and 12) and one count of sexual contact between November 22 and 26, 2006.

In the Ohio Court of Appeals and in his Reply, Petitioner urged that the controlling precedent is *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005).  *Valentine* was a habeas case involving twenty "carbon-copy" counts of child rape and twenty more of felonious sexual penetration. Like Petitioner here, Valentine complained of the wide date range in the indictment which he said precluded him from defending.  Judge Merritt noted that the Ohio courts had allowed wide date ranges in child rape cases because young children have limited perceptions of time and limited abilities to specify dates

and times. *Valentine*, 395 F.3d at 632, citing *State v. Daniel*, 97 Ohio App. 3d 548, 556, 647 N.E.2d 174 (1994), and *State v. Mundy*, 99 Ohio App. 3d 275, 296, 650 N.E.2d 502 (1994). The Sixth Circuit went on to hold:

> This Court and numerous others have found that fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements. *See Isaac v. Grider*, 211 F.3d 1269, 2000 WL 571959 at *5 (four months); *Madden v. Tate*, 830 F.2d 194, 1987 WL 44909, at *1-*3 (6th Cir. 1987) (six months); see also *Fawcett v. Bablitch*, 962 F.2d 617, 618-19 (7th Cir. 1992) (six months); *Hunter v. New Mexico*, 916 F.2d 595, 600 (10th Cir. 1990) (three years); *Parks v. Hargett*, 1999 U.S. App. LEXIS 5133, 1999 WL 157431, at *4 (10th Cir. 1999)(seventeen months). Certainly, prosecutors should be as specific as possible in delineating the dates and times of abuse offenses, but we must acknowledge the reality of situations where young child victims are involved. The Ohio Court of Appeals found that there was no evidence the state had more specific information regarding the time period of the abuse. Valentine's claims regarding the lack of time- and date-specific counts therefore fail.

*Id.* Although relying on *Valentine*, Petitioner refuses to accept the implication of this part of the decision, to wit, that charging distinguishable incidents within a specific time period is sufficient under the Constitution. Instead, he argues:

> "Notice" is the core question. Is "notice" sufficient when time frames are established, as opposed to "carbon copy" counts? Or, does "notice" gain definition from facts sufficient to serve some purpose? As the reason for provision of "notice" is to enable a defense, it seems that "notice" is constitutionally insufficient, as a matter of federal constitutional law, when the "notice" provided is insufficient to enable an effective defense. Actual prejudice shown, such as was done in Hupp's case, should be critical to the evaluation, and yet this is almost entirely ignored by the Magistrate Judge and by the Ohio judiciary.

(Objection, Doc. No. 10, PageID 2263). But sufficient notice to "enable an effective defense" is not the constitutional standard. The Sixth Circuit held in *Valentine*:

> The problem in this case is not the fact that the prosecution did not provide the defendant with exact times and places. If there had been singular counts of each offense, the lack of particularity would not have presented the same problem. Instead, the problem is that within each set of 20 counts, there are absolutely no distinctions made.

*Valentine*, 395 F. 3d at 632. The indictment in this case complies with *Valentine*; it charges distinct offenses occurring within a range of dates.

Undoubtedly it would be useful to a defendant to have the State committed by the indictment to a particular act at a particular place on a particular date and time. The holding of *Valentine* and the other federal circuit court authority it cites is that this degree of particularity is not required in a child sexual abuse case. Petitioner cites no Supreme Court authority requiring any more particularity in a case of this type.

The Ohio Court of Appeals decided the issues presented by Grounds Two, Three, and Four on the merits. This Court must defer to that decision unless Petitioner can demonstrate that it is contrary to or an objectively unreasonable application of clearly established United States Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 403-404 (2000); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Brown v. Payton,* 544 U.S. 133, 134 (2005). Petitioner cites no Supreme Court precedent to which the Court of Appeals decision in this case is contrary or which it unreasonably applies.

In the Report the Magistrate Judge likened Petitioner's claim to asserting a right to pretrial discovery in criminal cases. He objects:

> Petitioner Hupp respectfully disagrees. There is a substantial difference between a claim of entitlement to discovery of reports, evidence, witness statements, and the like, as opposed to basic notice of the charges. Moreover, although basic discovery might not be a "federal constitutional right," provision of "notice" is definitely a federal constitutional right.

-4-

(Objection, Doc. No. 10, PageID 2263.) But Petitioner was given "basic notice of the charges," notice sufficient to satisfy the *Valentine* standard. What he wants is to have the victim witnesses tied down before trial to specific dates and times and then the State committed to those dates and times by having them in the indictment. *Valentine* says that is more than he is entitled to.

### Ground Eight

In Ground Eight Mr. Hupp alleges the trial court violated his confrontation rights under the United States Constitution and the Ohio Rules of Evidence by not permitting cross-examination based on asserted contradictions in prior written statements.

The Ohio Rule of Evidence claim is not cognizable in federal habeas corpus. The Magistrate Judge found in the Report that Petitioner had not cited any federal law in support of his proposition that the Confrontation Clause requires the release of witness statements to facilitate cross-examination (R&R, Doc. No. 9, PageID 2251). Conceding that this is so, Petitioner objects to this form of analysis, stating

> If one were to take almost any issue of law, one could particularize the specific instance of possible application of the same and note that no case clearly establishes the applicability of a given principle of law in the precise fact pattern.

(Objections, Doc. No. 10, PageID 2266.)

The Supreme Court's jurisprudence interpreting 28 U.S.C. § 2254(d)(1) addresses this issue. It has held that because AEDPA permits granting the writ only when the state court acts unreasonably, the more general the rule at issue – and thus the greater the potential for reasoned

disagreement among fair-minded judges - the more leeway state courts have in reaching outcomes in case-by-case determinations. *Renico v. Lett,* 559 U.S. ___, 130 S. Ct. 1855, 1864; 176 L. Ed. 2d 678 (2010), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). As the Sixth Circuit has recently explained

> A state court decision is contrary to clearly established federal law as determined by the Supreme Court if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrives at a result different from Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 406, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); *Thaler v. Haynes*, U.S. , 130 S.Ct. 1171, 1173-74, 175 L. Ed. 2d 1003 (2010). A state court unreasonably applies clearly established federal law if the state court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the state prisoner's case. *Thaler*, 130 S.Ct. at 1173-74. A state court's application of federal law must be "objectively unreasonable" to be an unreasonable application of federal law under § 2254(d)(1). *Williams*, 529 U.S. at 409; *McDaniel v. Brown*, U.S. , 130 S.Ct. 665, 673, 175 L. Ed. 2d 582 (2010). Critically, "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams*, 529 U.S. at 410 (emphasis in original); *Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). Nevertheless, if the Supreme Court has not "broken sufficient legal ground to establish [a]… constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar" under either the contrary to or unreasonable application standard. *Williams*, 529 U.S. at 381.

*Fields v. Howes,* 617 F.3d 813 (6th Cir. 2010). It will not do to say, as Petitioner does in his Objections, that the "entire fact pattern ... establishes in totality a Confrontation Clause violation, applying general principles to specific facts." Rather, to prevail on a habeas claim decided in the state courts, a petitioner must show that the state court decision is contrary to or an unreasonable application of the actual decision of the Supreme Court in some actual case.

**Ground Nine**

In Ground Nine Mr. Hupp claims another Confrontation Clause violation based on hearsay testimony given by a witness, expression of an opinion based on that hearsay, and further expression of an opinion by that witness about another witness' veracity. In rejecting this Ground for Relief, the Magistrate Judge wrote

> The Court of Appeals opinion makes the finding that no hearsay testimony was either offered or received. Id. ¶ 17. In the Traverse, Petitioner asserts the contrary but offers no record references whatsoever upon which this Court could determine that any hearsay was offered or received. (See Traverse, Doc. No. 8, PageID 2228-2229.) On this question the Petitioner has not overcome the presumption of correctness which attaches to findings of fact by the state courts. *See Rushen v. Spain,* 464 U.S. 114, 120 (1983); *Marshall v. Lonberger*, 459 U.S. 422 (1983); *Sumner v. Mata*, 455 U.S. 591 (1982).

(Report and Recommendations, Doc. No. 9, PageID 2253.)

Petitioner objects that the Traverse contains numerous relevant citations and concludes:

> Thus, the Magistrate Judge errantly (it seems) did not notice that Hupp had in fact directly cited the hearsay and confrontation clause locations in the transcript. As this missed fact was critical to the determination of Ground Nine, Mr. Hupp objects and seeks reconsideration by this Honorable Court.

(Objections, Doc. No. 10, PageID 2268.)

Petitioner then quotes the Traverse, showing the following citations:

**Trial Tr. Vol. 4, pp. 976-978** ( PageID 1608-1610): Christopher Johnson testified about his telephone conversation with each of the three victims, his daughters. At no place on these three pages does he testify to the **content** of any of the allegations of sexual abuse. Rather, he testifies about their apparent emotional state and what the **subject matter** of the conversation was. The trial

judge overruled a hearsay objection on the basis that the testimony was not being offered for the truth of the content (p. 977, ll. 4-6), but in any event no content is given.

**Trial Tr. Vol. 4, pp. 978-979** ( PageID 1610-1611): At this point Mr. Johnson testified that his opinion about what had happened to the girls changed. "I believed they were telling the truth. It was staring [sic] to sink in."

**Trial Tr. Vol. 4, pp. 981-982** ( PageID 1613-1614): Mr. Johnson, after testifying that as a parent he had a pretty good ability to tell when his daughters were telling the truth and when they were lying, said he had no doubt they were telling the truth on this occasion.

**Trial Tr. Vol. 4, p. 1003** ( PageID 1635): Mr. Johnson confirmed that his opinion of the veracity of his daughters had not changed.

**Trial Tr. Vol. 4, pp. 988-993, 997** (PageID 1620 Mr. Rexford's cross-examination of Mr. Johnson.

**Trial Tr. Vol. 4, p. 1002** (PageID 1634): Mr. Johnson testifies that his ex-wife, the victims' mother, increased her visitation with the victims as a result of a motion to modify custody.

Having reviewed the citations offered, the Magistrate Judge concurs with the conclusion of the Court of Appeals – no hearsay was offered or accepted at any place in the referenced testimony, except one place where Mr. Rexford elicited hearsay on cross and the judge allowed it over the prosecutor's objection.

Petitioner offers no objection to the Report's conclusion that a custodial father would be competent to give an opinion on his child veracity, or at least that the Constitution does not forbid such testimony.

**Conclusion**

Having considered Petitioner's Objections, it is again respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

May 24, 2011.

                                             s/ **Michael R. Merz**
                                               United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).